UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HORACE BRUCE, ET AL., | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:00 CV 1831 (AWT) |
| | : | |
| v. | : | |
| | : | |
| MOTIVA ENTERPRISES LLC, | : | |
|     Defendant. | : | FEBRUARY 14, 2005 |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

The Defendant, Motiva Enterprises LLC ("Motiva"), hereby responds to the Amended Complaint of the Plaintiffs, Horace Bruce, et al., dated May 1, 2003 as follows.

1.  Motiva denies the allegations of Paragraph 1 to the extent that Plaintiffs allege the individuals named therein are all currently Motiva franchisees. Motiva admits that the individuals named in Paragraph 1 were Texaco or Shell-branded franchisees in 1999.

1A. Motiva lacks information sufficient to admit or deny the allegations contained in Paragraph 1A and leaves Plaintiffs to their proof.

2.  Motiva denies the allegations of Paragraph 2 to the extent that Plaintiffs allege the entities named therein are all currently Motiva franchisees. Motiva admits that the entities named in Paragraph 2 were Texaco or Shell-branded franchisees in 1999. Motiva lacks information sufficient to admit or deny whether said entities are "corporations."

2A. Motiva lacks information sufficient to admit or deny the allegations contained in Paragraph 2A and leaves Plaintiffs to their proof.

3.  The Defendant admits the allegations contained in Paragraph 3.

## JURISDICTIONAL BASIS

4. Motiva neither admits nor denies the allegations of Paragraph 4, as they relate to issues of law.

4A. Motiva neither admits nor denies the allegations of Paragraph 4A, as they relate to issues of law.

5. Motiva neither admits nor denies the allegations of Paragraph 5, as they relate to issues of law.

6. Motiva neither admits nor denies the allegations of Paragraph 6, as they relate to issues of law.

## FACTS

7. The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 7 and leaves the Plaintiffs to their proof.

8. The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 and leaves the Plaintiffs to their proof.

9. The Defendant denies any and all allegations contained in Paragraph 9.

10. The Defendant denies any and all allegations contained in Paragraph 10.

11. The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 11 and leaves the Plaintiffs to their proof.

12. The Defendant denies any and all allegations contained in Paragraph 12.

13. The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 13. The Defendant denies that the excerpt

accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

13A.    The Defendant admits that it sent a letter with attachments to the plaintiffs on or about June 18, 2001, concerning amendments to certain provisions in the retail sales agreements and retail facility leases, effective with retail sales agreements and retail facility leases prepared after July 1, 2001, and that the Plaintiffs also had the opportunity to amend their existing agreements to incorporate these changes. The Defendant otherwise denies the allegations contained in Paragraph 13A, and states that such documents speak for themselves.

14.    The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 14. The Defendant denies that the excerpt accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

15.    The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 15, except that subsection (6) of Paragraph 15 provides that "If Retailer is a limited liability company or corporation, any dissolution, merger, consolidation or other reorganization or other arrangement having similar effect, or the Transfer by Retailer or any member or shareholder of 10% <u>or more</u> of the voting shares of the capital stock of retailer or of any lesser interest with cumulatively vests 10% or more of such voting shares in the transferee" (emphasis added). The Defendant denies that the excerpt accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

16.     The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 16. The Defendant denies that the excerpt accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

17.     The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 17. The Defendant denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

18.     The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 18. The Defendant denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

19.     The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 19. The Defendant denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

20.     The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 20. The Defendant denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

21.     The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement and the retail facility lease contained in Paragraph 21, except that the

retail facility lease refers to the parties as lessor and lessee, rather than seller and retailer. The Defendant denies that the excerpts accurately reflect the entire retail sales agreement or retail facility lease, and states that such documents speak for themselves.

21A. The Defendant admits that it sent a letter with attachments to the plaintiffs on or about June 18, 2001, concerning amendments to certain provisions in the retail sales agreements and retail facility leases, effective with retail sales agreements and retail facility leases prepared after July 1, 2001, and that the Plaintiffs also had the opportunity to amend their existing agreements to incorporate these changes. The Defendant otherwise denies the allegations contained in Paragraph 21A, and states that such documents speak for themselves.

22. The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 22. The Defendant denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

23. The Defendant admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement and the retail facility lease contained in Paragraph 23, except that the retail facility lease refers to the parties as lessor and lessee, rather than seller and retailer. The Defendant denies that the excerpts accurately reflect the entire retail sales agreement or retail facility lease, and states that such documents speak for themselves.

## FIRST COUNT

The Defendant hereby incorporates its answers to Paragraphs 1 through 23 as its answers to Paragraphs 1 through 23 of this First Count as if fully set forth herein.

24. The Defendant denies any and all allegations contained in Paragraph 24.

25. The Defendant denies any and all allegations contained in Paragraph 25.

26. The Defendant denies any and all allegations contained in Paragraph 26.

27. The Defendant denies any and all allegations contained in Paragraph 27.

28. The Defendant denies any and all allegations contained in Paragraph 28.

29. The Defendant denies any and all allegations contained in Paragraph 29.

30. The Defendant denies any and all allegations contained in Paragraph 30.

30A. The Defendant denies any and all allegations contained in Paragraph 30A.

31. The Defendant denies any and all allegations contained in Paragraph 31.

32. The Defendant denies any and all allegations contained in Paragraph 32.

33. The Defendant denies any and all allegations contained in Paragraph 33.

33A. The Defendant denies any and all allegations contained in Paragraph 33A.

34. The Defendant denies any and all allegations contained in Paragraph 34.

35. The Defendant denies any and all allegations contained in Paragraph 35.

## SECOND COUNT

The Defendant hereby incorporates its answers to Paragraphs 1 through 23 of the First Count as its answers to Paragraphs 1 through 23 of this Second Count as if fully set forth herein.

24. The Defendant denies any and all allegations contained in Paragraph 24.

25. The Defendant denies any and all allegations contained in Paragraph 25.

26. The Defendant denies any and all allegations contained in Paragraph 26.

27. The Defendant denies any and all allegations contained in Paragraph 27.

## THIRD COUNT

The Defendant hereby incorporates its answers to Paragraphs 1 through 23 of its First Count as its answers to Paragraphs 1 through 23 of this Third Count as if fully set forth herein.

24. The Defendant denies that the Plaintiffs have accurately excerpted 15 U.S.C. § 2804(a) in Paragraph 24, and states that the statute speaks for itself.

25. The Defendant denies that the Plaintiffs have accurately excerpted Conn. Gen. Stat. § 42-133*l*(c) in Paragraph 25, and states that the statute speaks for itself.

26. The Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26.

27. The Defendant denies any and all allegations contained in Paragraph 27.

28. The Defendant denies any and all allegations contained in Paragraph 28.

29. The Defendant denies any and all allegations contained in Paragraph 29.

## FOURTH COUNT

The Defendant hereby incorporates its answers to Paragraphs 1 through 23 of the First Count as its answers to Paragraphs 1 through 23 of this Fourth Count as if fully set forth herein.

24. The Defendant denies any and all allegations contained in Paragraph 24.

25. The Defendant denies any and all allegations contained in Paragraph 25.

26. The Defendant denies any and all allegations contained in Paragraph 26.

27. The Defendant denies any and all allegations contained in Paragraph 27.

## FIFTH COUNT

- 8 -

The Defendant hereby incorporates its answers to Paragraphs 1 through 23 and 26 through 28 of the First Count as its answers to Paragraphs 1 through 23 and 26 through 28 of this Fifth Count as if fully set forth herein.

27. The Defendant denies any and all allegations contained in Paragraph 27.

28. The Defendant denies any and all allegations contained in Paragraph 28.

## PRAYER FOR RELIEF

The Defendant denies that it is liable to the Plaintiffs for any of the relief requested by them in their Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiffs are barred from recovery herein because they lack standing as their Complaint fails to present a case or controversy to the Court.

### SECOND AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiffs are barred from recovery herein by reason of the fact that Plaintiffs' Complaint fails to state, and Plaintiffs cannot prove, facts sufficient to constitute a cause of action as against the Defendant.

### THIRD AFFIRMATIVE DEFENSE TO ALL COUNTS

The claims alleged in the Plaintiffs' Complaint are barred by the doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The claims alleged in the Plaintiffs' Complaint are barred by operation of Estoppel.

## FIFTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiffs' action is barred in whole or in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiffs' action is barred in whole or in part by the Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE TO ALL COUNTS

To the extent Plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of the Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiffs failed to mitigate their alleged damages, thereby precluding or reducing Plaintiffs' right of recovery, if any, from the Defendant.

## NINTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver and/or a release of any and all claims that Plaintiffs may have had or have against the Defendant arising from the transactions and occurrences set forth in the Complaint.

## TENTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The Defendant avers that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The Plaintiffs are barred from any relief in this action by reason of their unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The Defendant avers, upon information and belief, that the loss to Plaintiffs, if any, was occasioned by, and as a result of, Plaintiffs' failure to comply with the terms of the alleged agreement(s) between Plaintiffs and Defendant. Therefore, the Defendant is entitled to a set-off against Plaintiffs as determined with respect to such failure.

## THIRTEENTH AFFIRMATIVE DEFENSE TO ALL COUNTS

The Defendant, by reason of the action brought against it and by the necessity of filing this answer, has incurred, and will continue to incur, expenses, including attorneys' fees, in connection with this lawsuit. The Defendant is entitled to recover the full amount of such

attorneys' fees, expenses and costs incurred in defending this litigation and in investigating the claims asserted against it herein. When the full amount of such expenses is known, the Defendant will seek leave of court to amend its answer to set-off such expenses.

**FOURTEENTH AFFIRMATIVE DEFENSE TO ALL COUNTS**

The Defendant avers that its conduct was not the proximate cause of any alleged injury to Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE TO ALL COUNTS**

The claims in the Plaintiffs' Complaint are barred by the doctrine of accord and satisfaction.

**SIXTEENTH AFFIRMATIVE DEFENSE TO ALL COUNTS**

The claims in the Plaintiffs' Complaint are barred by the doctrine of novation.

**SEVENTEENTH AFFIRMATIVE DEFENSE TO ALL COUNTS**

The claims in the Plaintiffs' Complaint are barred by the doctrine of ratification.

THE DEFENDANT,
MOTIVA ENTERPRISES LLC


By *[signature: Alexandra M McHugh]*
Paul D. Sanson
Fed. Bar No. ct05477
Alexandra M. McHugh
Fed. Bar No. ct22428
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5219
E-mail: psanson@goodwin.com
E-mail: amchugh@goodwin.com
Its Attorneys

CERTIFICATION OF SERVICE

This is to certify that on this 14th day of February, 2005, a copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint was sent via facsimile and first class mail, postage prepaid to:

>John J. Morgan, Esq.
>Barr & LaCava
>22 Fifth Street
>Stamford, CT 06905

_____
Alexandra M. McHugh

391715 v.01