UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HORACE BRUCE, ET AL., | : | CIVIL ACTION NO. |
| | : | 3:00 CV 1831 (AWT) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTIVA ENTERPRISES LLC, | : | |
| | : | |
| Defendant. | : | FEBRUARY 14, 2005 |

### MOTIVA'S LOCAL RULE 56(a)(1) STATEMENT

Motiva hereby sets forth, pursuant to Local Rule of Civil Procedure 56(a)(1) the undisputed facts in this case relevant to its Motion for Summary Judgment, as follows:

**Challenges to Old Agreements**

1. Plaintiffs are individuals or businesses which had a franchise relationship with Motiva in Connecticut as of December 1999. See Affidavit of John F. Kuschman, attached hereto and incorporated herein ("Kuschman Affidavit") at ¶ 8.

2. Some time after December 1999 substantially all of the Plaintiffs received and entered a set of retail facility leases and retail sales agreements for Texaco or Shell-branded stations with Motiva (the "Old Agreements"). See Kuschman Affidavit at ¶ 9.

3. Some, but not all, of the Plaintiffs wrote to Motiva to object to certain of the terms of the Old Agreements. See Kuschman Affidavit at ¶ 10.

4. In 2000, Plaintiffs sought declaratory and injunctive relief challenging 8 provisions of the Old Agreements (minimum quantities, trial franchise, transfer fee, release, maintenance, attorneys' fees, product liability limitation and general indemnification) as illegal and

unenforceable under state franchise statutes, the Connecticut Unfair Trade Practices Act, and the federal Petroleum Marketing Practices Act.  See Complaint, ¶¶ 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23.

**Motiva Makes Changes in Old Agreements**

5.     In 2001, Motiva stopped offering the Old Agreements and began to offer a significantly modified set of retail facility leases and retail sales agreements for Texaco or Shell-branded stations (the "New Agreements").  See Kuschman Affidavit at ¶ 12, and at Exhibit A.

7.     Motiva completely removed both the release provision and product liability provision from the New Agreements.  See Kuschman Affidavit at ¶ 13 and Exhibit A.

8.     The attorneys' fees provision in the Old Agreements, which Motiva included in a good faith effort to protect its rights and interests, provided for attorneys' fees for the franchisor but did not enhance the statutory provisions for attorneys' fees for franchisees.  In the New Agreements, there is a mutual "prevailing party" standard instead.  See Kuschman Affidavit at ¶ 16 and Exhibit A, Lease at ¶ 27.

9.     Motiva sets its minimum quantities in good faith based on a percentage of historical volumes at individual stations.  See Kuschman Affidavit at ¶ 15.

10.    When a regular franchisee wants to sell its franchise to an untested dealer, Motiva can require a mutual termination so that it may begin its new franchise relationship as a trial franchise until the trial franchisee has proven itself.  In the Old Agreements, this trial franchise provision applied to the sale of a franchise to anyone who was not a former Motiva franchisee. In the New Agreements, Motiva limits the application to dealers who have not contracted with

a major oil refiner in the last five years. See Kuschman Affidavit at ¶ 16 and Exhibit A, Lease at ¶ 17b.

11.  The transfer fee and maintenance provisions of the New Agreements are also changed from those of the Old Agreements. See Kuschman Affidavit at ¶ 17.

**Plaintiffs That Have Withdrawn**

12.  Plaintiffs William Delizio, William Burkman, Attilio Schiavone, MTJ Petroleum, Inc., and FLK Enterprises, L.L.C., have all withdrawn as Plaintiffs in this action. See Motion for Partial Judgment of Dismissal, dated September 30, 2003.

**Plaintiffs That Are No Longer Franchisees**

13.  Ancker Eagle, Inc. no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to it. See Kuschman Affidavit at ¶ 18.

14.  Mr. Horace Bruce passed away and his widow is not a Plaintiff[1]. See Kuschman Affidavit at ¶ 19.

15.  Choudhry Petroleum Inc., no longer has a franchise at 207 West Street, Cromwell, CT. See Kuschman Affidavit at ¶ 20 and Exhibit FF.

16.  Colonial Eagle, Inc. no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to it. See Kuschman Affidavit at ¶ 21 and Exhibit B.

17.  Deming Street Inc. no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to it. See Kuschman Affidavit at ¶ 22 and Exhibit C.

18.  Elmwood Food Mart Inc. no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to it. See Kuschman Affidavit at ¶ 23.

---

[1] Mr. Bruce's successor in interest, Mrs. Roberta Bruce, is not a party to this action. See Fed. R. Civ. P. 25(a).

19. Sebastian Gangemi no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to him. See Kuschman Affidavit at ¶ 24 and Exhibit D.

20. John Mouco no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to him. See Kuschman Affidavit at ¶ 25.

21. Mark Petrino no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to him. See Kuschman Affidavit at ¶ 26 and Exhibit E.

22. Ram Enterprises Inc. no longer has a franchise at 131 Brainard Road, Hartford, CT. See Kuschman Affidavit at ¶ 27.

23. Seymour Shell & Tire Center, Inc. no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to it. See Kuschman Affidavit at ¶ 28 Exhibit F.

24. Shivum Corp. no longer has a franchise relationship with Motiva; therefore the contract provisions no longer apply to it. See Kuschman Affidavit at ¶ 29 and Exhibit G.

25. Anthony Zaccognino does not currently have a franchise relationship with Motiva; therefore the contract provisions do not apply to him. See Kuschman Affidavit at ¶ 30.

**Plaintiffs That Are Parties to the New Agreements**

26. Aleksandrowicz & Associates LLP is currently party to the New Agreements, effective March 1, 2003 through February 28, 2006. See Kuschman Affidavit at ¶ 31 and Exhibit A.

27. C.C. Mase Inc. is currently party to the New Agreements, effective June 1, 2004 through May 31, 2007. See Kuschman Affidavit at ¶ 32 and Exhibit H.

28. Danbury 2000 Inc., f/k/a Danbury Texaco, is currently party to the New Agreements, effective October 1, 2004 through September 30, 2007. See Kuschman Affidavit at ¶ 33 and Exhibit I.

29. Richard Ficorilli is currently party to the New Agreements at his New Haven, CT, location effective April 1, 2004 through March 31, 2007. See Kuschman Affidavit at ¶ 34 and Exhibit J.

30. Richard Ficorilli is currently party to the New Agreements at his West Haven, CT, location effective until December 31, 2005. See Kuschman Affidavit at ¶ 35 and Exhibit K.

31. David Fodor is currently party to the New Agreements, effective October 1, 2003 through September 31, 2006. See Kuschman Affidavit at ¶ 36 and Exhibit L.

32. Greenwich Automotive Services is currently party to the New Agreements, effective September 1, 2004 through August 31, 2007. See Kuschman Affidavit at ¶ 37 and Exhibit M.

33. Pancoast & Small, Inc. is currently party to the New Agreements, effective June 1, 2003 through May 31, 2006. See Kuschman Affidavit at ¶ 38 and Exhibit N.

34. Putnam Shell is currently party to the New Agreements, effective March 1, 2003 through February 28, 2006. See Kuschman Affidavit at ¶ 39 and Exhibit O.

35. QLS Corp. is currently party to the New Agreements at its Bristol, CT, location effective March 1, 2003 through February 28, 2006. See Kuschman Affidavit at ¶ 40 and Exhibit P.

36. QLS Corp. is currently party to the New Agreements at its West Hartford, CT, location effective March 1, 2003 through February 28, 2006. See Kuschman Affidavit at ¶ 41 and Exhibit Q.

37. QLS Corp. is currently party to the New Agreements at its Hartford, CT, location effective March 1, 2003 through February 28, 2006. See Kuschman Affidavit at ¶ 42 and Exhibit R.

38. Red Eagle is currently party to the New Agreements, effective May 1, 2004 through April 30, 2007. See Kuschman Affidavit at ¶ 43 and Exhibit S.

39. Southport Gas and Convenience is currently party to the New Agreements, effective June 1, 2004 through May 31, 2007. See Kuschman Affidavit at ¶ 44 and Exhibit T.

40. USAMA Petroleum Inc. is currently party to the New Agreements, effective March 1, 2003 through February 28, 2006. See Kuschman Affidavit at ¶ 45 and Exhibit U.

**Plaintiffs With New Agreements Pending**

41. In February or 2002, Motiva sent its Texaco-branded franchisees formal PMPA notice of termination, based on its anticipated loss of the Texaco trademarks and identifications as of June 30, 2006, as a result of the sale of Texaco to Chevron ("Brand Termination Letter"). In this notice, Motiva formally extended each lease with its Texaco-branded dealers to June 30, 2006. See Kuschman Affidavit at ¶ 46 and Exhibit V.

42. BGS received a Brand Termination Letter dated February 4, 2002. See Kuschman Affidavit at ¶ 47 and Exhibit V.

43. Motiva decided to rebrand BGS from Texaco to Shell, effective April 26, 2004, so that BGS' franchise will not terminate on June 30, 2006. See Kuschman Affidavit at ¶ 48 and Exhibit W.

44. Motiva has sent BGS New Agreements, effective April 1, 2005, which BGS has not yet returned executed. See Kuschman Affidavit at ¶ 49.

45.     Choudhry Petroleum Inc. received a Brand Termination Letter at its 934 Broad Street, Meriden, CT location dated February 4, 2002. See Kuschman Affidavit at ¶ 50 and Exhibit X.

46.     Motiva decided to rebrand Choudhry Petroleum Inc. from Texaco to Shell, effective October 19, 2004, so that Choudhry Petroleum Inc.'s franchise will not terminate on June 30, 2006. See Kuschman Affidavit at ¶51.

47.     Motiva has sent Choudhry Petroleum Inc. New Agreements, effective February 1, 2005, which Choudhry Petroleum Inc. has not yet returned executed. See Kuschman Affidavit at ¶ 52.

48.     Hukam Din received a Brand Termination Letter dated February 4, 2002. See Kuschman Affidavit at ¶ 53 and Exhibit Y.

49.     Motiva decided to rebrand Hukam Din from Texaco to Shell, effective May 3, 2004, so that Hukam Din's franchise will not terminate on June 30, 2006. See Kuschman Affidavit at ¶ 54 and Exhibit Z.

50.     Motiva is in the process of preparing and offering Hukam Din New Agreements. See Kuschman Affidavit at ¶ 55.

51.     Rose Marie Licare received a Brand Termination Letter dated February 4, 2002. See Kuschman Affidavit at ¶ 56 and Exhibit AA.

52.     Motiva decided to rebrand Rose Marie Licare from Texaco to Shell, effective June 26, 2004, so that Rose Marie Licare's franchise will not terminate on June 30, 2006. See Kuschman Affidavit at ¶ 57 and Exhibit BB.

53.     Motiva is in the process of preparing and offering Rose Marie Licare New Agreements. See Kuschman Affidavit at ¶ 58.

54. Ram Enterprises received a Brand Termination Letter dated February 4, 2002 at its Glastonbury, CT location. See Kuschman Affidavit at ¶ 59 and Exhibit CC.

55. Motiva decided to rebrand Ram Enterprises from Texaco to Shell, effective May 3, 2004, so that Ram Enterprises' franchise will not terminate on June 30, 2006. See Kuschman Affidavit at ¶ 60 and Exhibit DD.

56. Motiva has sent Ram Enterprises New Agreements, effective April 1, 2005, which Ram Enterprises has not yet returned executed. See Kuschman Affidavit at ¶ 61.

57. All Pro Tires, Inc. received a Brand Termination Letter dated February 4, 2002. See Kuschman Affidavit at ¶ 62.

58. All Pro Tires, Inc. has been rebranded from Texaco to Shell and Motiva is in the process of preparing and offering All Pro New Agreements. See Kuschman Affidavit at ¶ 63.

**Remaining Plaintiff**

59. Gary Ceraso received a Brand Termination Letter dated February 4, 2002 and has not been rebranded to Shell. Exhibit EE. See Kuschman Affidavit at ¶ 64.


393682 v.02 S3