UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HORACE BRUCE, ET AL., | : | CIVIL ACTION NO. |
| | : | 3:00 CV 1831 (AWT) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTIVA ENTERPRISES LLC, | : | |
| | : | |
| Defendant. | : | FEBRUARY 14, 2005 |

### MOTIVA'S LOCAL RULE 56(a)(2) STATEMENT

Motiva hereby responds pursuant to Local Rule 56(a)(2) to Plaintiffs' Local Rule 56(a)(1) Statement attached to Plaintiffs' Motion for Summary Judgment, dated October 25, 2004 as follows:

**A.  Motiva's Responses to Plaintiffs' List of Uncontroverted Facts:**

1.  Paragraph 1 is denied to the extent that the following named Plaintiffs are not currently individuals or corporations who operate Shell or Texaco Branded Service Station Franchises within the State of Connecticut:  Ancker Eagle, Inc.; Horace Bruce; Colonial Eagle, Inc.; Deming Street Inc.; Elmwood Food Mart Inc.; Sebastian Gangemi; John Mouco; and Mark Petrino; Seymour Shell & Tire Center, Inc.; Shivum Corp.; and Anthony Zaccognino.  See Motiva's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, dated February 14, 2005 ("Motiva's Answer"), at ¶¶ 1 and 2; see also Affidavit of John Kuschman, attached herewith as Exhibit 1 ("Kuschman Affidavit") ¶¶ 17-29 and at Exhibits B through G, attached thereto.

2.  Motiva admits the allegations of Paragraph 2.

3. Motiva lacks sufficient information to admit or deny the allegations in Paragraph 3 and leaves Plaintiffs to their proof.

**4.-6. Plaintiffs have not included any statements for Paragraphs 4 through 6 to which Motiva can respond.**

7. Motiva lacks sufficient information to admit or deny the allegations in Paragraph 3 and leaves Plaintiffs to their proof.

8. Motiva denies the allegations of Paragraph 8.

9. Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 9. Motiva denies that the excerpt accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

10. Motiva admits that it sent a letter with attachments to the plaintiffs on or about June 18, 2001, concerning amendments to certain provisions in the retail sales agreements and retail facility leases, effective with retail sales agreements and retail facility leases prepared after July 1, 2001, and that the Plaintiffs also had the opportunity to amend their existing agreements to incorporate these changes. Motiva otherwise denies the allegations contained in Paragraph 10, and states that such documents speak for themselves.

11. Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 11. Motiva denies that the excerpt accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

**[Plaintiffs' Paragraphs 12, 13, 15 and 16 are out of order, and there are two Paragraphs 14, which, in order of appearance, Motiva will refer to as 14a and 14b.]**

14a.    Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 14a. Motiva denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

12.    Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 12, except that subsection (6) of Paragraph 12 provides that "If Retailer is a limited liability company or corporation, any dissolution, merger, consolidation or other reorganization or other arrangement having similar effect, or the Transfer by Retailer or any member or shareholder of 10% or more of the voting shares of the capital stock of retailer or of any lesser interest with cumulatively vests 10% or more of such voting shares in the transferee" (emphasis added). Motiva denies that the excerpt accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

15.    Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 15. Motiva denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

13.    Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement contained in Paragraph 13. Motiva denies that the excerpt accurately reflects the entire retail sales agreement, and states that such document speaks for itself.

14b.    Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 14b. Motiva denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

16.    Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement and the retail facility lease contained in Paragraph 16, except that the retail

facility lease refers to the parties as lessor and lessee, rather than seller and retailer. Motiva denies that the excerpts accurately reflect the entire retail sales agreement or retail facility lease, and states that such documents speak for themselves.

17. Motiva admits that it sent a letter with attachments to the plaintiffs on or about June 18, 2001, concerning amendments to certain provisions in the retail sales agreements and retail facility leases, effective with retail sales agreements and retail facility leases prepared after July 1, 2001, and that the Plaintiffs also had the opportunity to amend their existing agreements to incorporate these changes. Motiva otherwise denies the allegations contained in Paragraph 17, and states that such documents speak for themselves.

18. Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail facility lease contained in Paragraph 18. Motiva denies that the excerpt accurately reflects the entire retail facility lease, and states that such document speaks for itself.

19. Motiva admits that the Plaintiffs accurately transcribed the excerpt of the retail sales agreement and the retail facility lease contained in Paragraph 19, except that the retail facility lease refers to the parties as lessor and lessee, rather than seller and retailer. Motiva denies that the excerpts accurately reflect the entire retail sales agreement or retail facility lease, and states that such documents speak for themselves.

**B.    Disputed Issues of Material Facts**

1. A disputed issue of material facts exists as to whether Motiva's minimum standards provisions in both the Old Agreements and (as modified) in the New Agreements impose an "unreasonable standard of performance" on Plaintiffs in violation of Connecticut

General Statutes Section 42-133*l*(f)(5).  See Motiva's Local Rule 56(a)(1) Statement at ¶ 9 and Kuschman Affidavit at 15.

2. A disputed issue of material facts exists as to whether Motiva dealt with the Plaintiffs "in good faith" under Conn. Gen. Stat. 133*l*(f)(6) or imposed a "standard of conduct" under Conn. Gen. Stat. 133*l*(f)(8) that was not "reasonable and necessary" when it included the attorneys' fees provisions in both Old Agreements and (as modified) in the New Agreements.  See Motiva's Local Rule 56(a)(1) Statement at ¶ 8 and Kuschman Affidavit at 16.

3. A disputed issue of material fact exists as to whether every Plaintiff received the Old Agreements as alleged in Paragraph 3 of Plaintiffs' Local Rule 56(a) (1) Statement, although Motiva admits that substantially all of the Plaintiffs received and executed the Old Agreements.  See Motiva's Local Rule 56(a)(1) Statement at ¶ 2 and Kuschman Affidavit at 9.

4. A disputed issue a material fact exists as to whether every Plaintiff "executed and returned the documents [Old Agreements] with a cover letter of protest or otherwise attempted to do so."  See Motiva's Local Rule 56(a)(1) Statement at ¶ 3 and Kuschman Affidavit at 10.