UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HORACE BRUCE, ET AL., | : | CIVIL ACTION NO. |
| | : | 3:00 CV 1831 (AWT) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTIVA ENTERPRISES LLC, | : | |
| | : | |
| Defendant. | : | |

## AFFIDAVIT OF JOHN F. KUSCHMAN

I, John F. Kuschman, do hereby depose and state:

**Background and Certification of Documents**

1. I am over eighteen years old and believe in the obligations of an oath.

2. I am the sales manager for Motiva for the northeast region, including Connecticut.

3. I have held this position since 1995.

4. The information in this Affidavit is based on my personal knowledge.

5. As sales manager for Motiva for the northeast region, I have responsibility for overseeing the execution of all contracts, settlements or other significant transactions between Motiva and the franchisee-dealers.

6. I am personally familiar with the contents of the various sales agreements that Motiva has entered into with the franchisee-dealers of my region.

7. I hereby certify that the records attached hereto as Exhibits A through FF are true and accurate copies of Motiva documents that:

(a) were made at or near the time of the occurrence of the matters set forth thereby by a person with knowledge of those matters; (b) were kept in the course of Motiva's regularly conducted business activities; and (c) were made by the regularly conducted activity as a regular practice.

**Challenges to Old Agreements**

8. Plaintiffs were individuals or businesses which had a franchise relationship with Motiva in Connecticut as of December 1999.

9. Some time after December 1999 substantially all of the Plaintiffs received and entered a set of retail facilities leases and retail sales agreements for Texaco or Shell-branded stations with Motiva (the "Old Agreements").

10. Some, but not all, of the Plaintiffs wrote to Motiva to object to certain of the terms of the Old Agreements.

11. In 2000, Plaintiffs sought declaratory and injunctive relief challenging 8 provisions of the Old Agreements (minimum quantities, trial franchise, transfer fee, release, maintenance, attorneys' fees, product liability limitation and general indemnification) as illegal and unenforceable under state franchise statutes, the Connecticut Unfair Trade Practices Act, and the federal Petroleum Marketing Practices Act. See Complaint, ¶¶ 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23.

**Motiva Makes Changes in Old Agreements**

12. In 2001, Motiva stopped offering the Old Agreements and began to offer a significantly modified set of retail facilities leases and retail sales agreements for Texaco or Shell-branded stations with Motiva (the "New Agreements"). See, e.g., Exhibit A.

13. Motiva completely removed both the release provision and product liability provision from the New Agreements. Exhibit A.

14. The attorneys' fees provision in the Old Agreements, which Motiva included in a good faith effort to protect its rights and interests, provided for attorneys' fees for the franchisor but did not enhance the statutory provisions for attorneys' fees for franchisees. In the New Agreements, there is a mutual "prevailing party" standard instead. Exhibit A, ¶ ___.

15. Motiva sets its minimum quantities in good faith based on a percentage of historical volumes at individual stations.

16. When a regular franchisee wants to sell its franchise to an untested dealer, Motiva can require a mutual termination so that it may begin its new franchise relationship as a trial franchise until the trial franchisee has proven itself. In the Old Agreements, this trial franchise provision applied to the sale of a franchise to anyone who was not a former Motiva franchisee. In the New Agreements, Motiva limits the application to delaers who have not contracted with a major oil refiner in the last five years. Exhibit A, ¶ ___.

17. The transfer fee and maintenance provisions of the New Agreements are also changed from those of the Old Agreements.

**Plaintiffs That Are No Longer Franchisees**

18. Ancker Eagle, Inc. no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to it.

19. Mr.Horace Bruce passed away, therefore his contract provisions no longer apply.[13]

20. Choudhry Petroleum Inc., no longer has a franchise at 207 West Street, Cromwell, CT. Exhibit FF.

21.  Colonial Eagle, Inc. no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to it. Exhibit B.

22.  Deming Street Inc. no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to it. Exhibit C.

23.  Elmwood Food Mart Inc. no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to it.

24.  Sebastian Gangemi no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to him. Exhibit D.

25.  John Mouco no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to him.

26.  Mark Petrino no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to him. Exhibit E.

27.  Ram Enterprises Inc. no longer has a franchise at 131 Brainard Rd., Hartford, CT.

28.  Seymour Shell & Tire Center, Inc. no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to it. Exhibit F.

29.  Shivum Corp. no longer has a franchise relationship with Motiva, therefore the contract provisions no longer apply to it. Exhibit G.

30.  Anthony Zaccognino does not currently have a franchise relationship with Motiva, therefore the contract provisions do not apply to him.

**Plaintiffs That Are Parties to the New Agreements**

31.  Aleksandrowicz & Associates LLP is currently party to the New Agreements, effective March 1, 2003 through February 28, 2006. Exhibit A.

32. C.C. Mase Inc. is currently party to the New Agreements, effective June 1, 2004 through May 31, 2007. Exhibit H.

33. Danbury 2000 Inc., f/k/a Danbury Texaco, is currently party to the New Agreements, effective October 1, 2004 through September 30, 2007. Exhibit I.

34. Richard Ficorilli is currently party to the New Agreements at his New Haven, CT, location effective April 1, 2004 through March 31, 2007. Exhibit J.

35. Richard Ficorilli is currently party to the New Agreements at his West Haven, CT, location effective until December 31, 2005. Exhibit K.

36. David Fodor is currently party to the New Agreements, effective October 1, 2003 through September 31, 2006. Exhibit L.

37. Greenwich Automotive Services is currently party to the New Agreements, effective September 1, 2004 through August 31, 2007. Exhibit M.

38. Pancoast & Small, Inc. is currently party to the New Agreements, effective June 1, 2003 through May 31, 2006. Exhibit N.

39. Putnam Shell is currently party to the New Agreements, effective March 1, 2003 through February 28, 2006. Exhibit O.

40. QLS Corp. is currently party to the New Agreements at its Bristol, CT, location effective March 1, 2003 through February 28, 2006. Exhibit P.

41. QLS Corp. is currently party to the New Agreements at its West Hartford, CT, location effective March 1, 2003 through February 28, 2006. Exhibit Q.

42. QLS Corp. is currently party to the New Agreements at its Hartford, CT, location effective March 1, 2003 through February 28, 2006. Exhibit R.

43. Red Eagle is currently party to the New Agreements, effective May 1, 2004 through April 30, 2007. Exhibit S.

44. Southport Gas and Convenience is currently party to the New Agreements, effective June 1, 2004 through May 31, 2007. Exhibit T.

45. USAMA Petroleum Inc. is currently party to the New Agreements, effective March 1, 2003 through February 28, 2006. Exhibit U.

**Plaintiffs With New Agreements Pending**

46. In February or 2002, Motiva sent its Texaco-branded franchisees formal PMPA notice of termination, based on its anticipated loss of the Texaco trademarks and identifications as of June 30, 2006, as a result of the sale of Texaco to Chevron ("Brand Termination Letter"). In this notice, Motiva formally extended each lease with its Texaco-branded dealers to June 30, 2006. See, e.g., Exhibit V.

47. BGS received a Brand Termination Letter dated February 4, 2002. Exhibit V.

48. Motiva decided to rebrand BGS from Texaco to Shell, effective April 26, 2004, so that BGS' franchise will not terminate on June 30, 2006. Exhibit W.

49. Motiva has sent BGS New Agreements, effective April 1, 2005, which BGS has not yet returned executed.

50. Choudhry Petroleum Inc. received a Brand Termination Letter at its 934 Broad St., Meriden, CT location dated February 4, 2002. Exhibit X.

51. Motiva decided to rebrand Choudhry Petroleum Inc. from Texaco to Shell, effective October 19, 2004, so that Choudhry Petroleum Inc.'s franchise will not terminate on June 30, 2006.

52. Motiva has sent Choudhry Petroleum Inc. New Agreements, effective February 1, 2005, which Choudhry Petroleum Inc. has not yet returned executed.

53. Hukam Din received a Brand Termination Letter dated February 4, 2002. Exhibit Y.

54. Motiva decided to rebrand Hukam Din from Texaco to Shell, effective May 3, 2004, so that Hukam Din's franchise will not terminate on June 30, 2006. Exhibit Z.

55. Motiva is in the process of preparing and offering Hukam Din New Agreements.

56. Rose Marie Licare received a Brand Termination Letter dated February 4, 2002. Exhibit AA.

57. Motiva decided to rebrand Rose Marie Licare from Texaco to Shell, effective June 26, 2004, so that Rose Marie Licare's franchise will not terminate on June 30, 2006. Exhibit BB.

58. Motiva is in the process of preparing and offering Rose Marie Licare New Agreements.

59. Ram Enterprises received a Brand Termination Letter dated February 4, 2002 at its Glastonbury, CT location. Exhibit CC.

60. Motiva decided to rebrand Ram Enterprises from Texaco to Shell, effective May 3, 2004, so that Ram Enterprises' franchise will not terminate on June 30, 2006. Exhibit DD.

61. Motiva has sent Ram Enterprises New Agreements, effective April 1, 2005, which Ram Enterprises has not yet returned executed.

62. All Pro Tires, Inc. received a Brand Termination Letter dated February 4, 2002 and has not been rebranded to Shell.

63. All Pro Tires, Inc. has been rebranded from Texaco to Shell and is in the process of receiving New Agreements.

**Remaining Plaintiff**

64.  Gary Ceraso received a Brand Termination Letter dated February 4, 2002 and has not been rebranded to Shell. Exhibit EE.

I declare under pains and penalty of perjury that the foregoing is true and correct.

Executed this 14th day of February, 2005.

*John F. Kuschman*
John F. Kuschman
Sales Manager, Northeast Region
Motiva Enterprises LLC

Subscribed and sworn to before me this 14th day of February, 2005.

*Cathy L. Honorowski*
NOTARY PUBLIC

My Commission Expires:

CATHY L. HONOROWSKI
NOTARY PUBLIC
My Commission Expires 8/31/2005

393682 v.02 S5

- 8 -