UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HORACE BRUCE, ET AL., : | |
|   Plaintiffs, : | |
| : | |
| VS. : | Civil No. 3:00CV1831 (AVC) |
| : | |
| MOTIVA ENTERPRISES LLC, : | |
|   Defendant. : | |

### RULING ON THE DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

This is an action for a declaratory judgment and injunctive relief with respect to the disputed provisions of a franchise agreement. It is brought pursuant to the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 et seq., the Connecticut Franchise Act, Conn. Gen. Stat. §§ 42-133e et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a et seq. The plaintiff-franchisees, who operate Texaco and Shell branded service stations, allege that the defendant-franchisor, Motiva Enterprises, LLC ("Motiva"), declined to take any action to renew their existing franchise agreements, and instead presented the plaintiffs with new franchise agreements containing illegal terms.

Motiva has filed the within motion to dismiss the plaintiffs' claims under the PMPA pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the plaintiffs have failed to state a cause of action under the statute.[1]

---

[1] The defendant also moves to dismiss the amended complaint in its entirety for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1). Specifically, the defendant argues

For the reasons hereinafter set forth, the motion to dismiss the second amended complaint is GRANTED as to the PMPA cause of action.

**FACTS**

The second amended complaint alleges that the plaintiffs are fourteen individuals and twenty-two corporations that operate Shell or Texaco-branded service station franchises within the state of Connecticut. Each of the individual plaintiffs is a resident of the state of Connecticut or the state of New York. Each of the corporate plaintiffs is organized under the laws of the state of Connecticut with its principal place of business in Connecticut.

The defendant, Motiva Enterprises, LLC ("Motiva"), rents service station properties and supplies petroleum products to the plaintiffs. Motiva is a Delaware limited liability company with its principal place of business in Texas.

Prior to December, 1999, each of the plaintiff franchisees operated under a franchise agreement with Motiva that set the terms of their franchise relationship (the "Prior Agreements").

---

that because the plaintiffs have failed to allege a cause of action under the PMPA, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331, and the court should decline to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. However, on May 1, 2003, the plaintiffs filed a second amended complaint with jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The defendant's motion to dismiss for lack of subject matter jurisdiction is therefore denied.

According to the complaint, one or more of these Prior Agreements expired without any notice of termination or non-renewal from Motiva.

On December 9, 1999, Motiva sent each of the plaintiffs a new franchise agreement, including a retail facility lease and retail sales agreement (the "Renewal Agreements") requiring the plaintiffs to "take certain actions"[2] within twenty-five days of the date of the letter.

According to the complaint, each of the Renewal Agreements contained several new terms that violate a federal statute governing franchises and franchise agreements for the sale, consignment, or distribution of motor fuel in commerce.  This statute is known as the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 et seq.  When Motiva refused to modify or negotiate the terms of the Renewal Agreements, each of the plaintiffs signed and returned the Renewal Agreement with an attached "letter of protest."  Motiva refused to accept the letters of protest or recognize the validity of the Prior Agreements and has insisted on the plaintiffs' compliance with the Renewal Agreements.

---

[2] It is unclear from the second amended complaint precisely what "actions" the plaintiffs were required to take.  The court assumes that the required action was official acceptance or rejection of the Renewal Agreements.

On September 25, 2000, the plaintiffs filed their initial complaint, followed by an amended complaint on March 25, 2002. On May 1, 2003, the plaintiffs filed a second amended complaint.

In their second amended complaint, the plaintiffs' allege that the defendant violated the Petroleum Marketing Practices Act ("PMPA") by: (1) failing to provide notice of termination or non-renewal of the Prior Agreements in violation of 15 U.S.C. § 2804; and (2) providing several illegal terms in the Renewal Agreements, including two provisions requiring the release of state and federal claims in violation of 15 U.S.C. § 2805(f).

## **STANDARD**

When ruling on a 12(b)(6) motion, the court must presume that all well-pled facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff.  Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).  The court may consider only those facts "stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  Allen v. WestPoint-Pepperell, Inc. 945 F.2d 40, 44 (2d Cir. 1991).  A motion to dismiss pursuant to Federal Rule 12(b)(6) is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001).

## DISCUSSION

The defendant moves to dismiss the plaintiffs' claims under the PMPA pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that the plaintiffs have failed to allege a material element of a PMPA cause of action, specifically "that there has been an actual termination or non-renewal of their franchises."  Furthermore, the defendant argues that the inclusion of terms requiring a franchisee to release state and federal claims is not itself a basis for a cause of action under the PMPA.

In response, the plaintiffs argue that they should not be required to allege actual termination or non-renewal to state a cause of action under the PMPA because this puts an unfair burden on franchisees to risk their franchises in order to obtain adjudication of a claim under the PMPA.[3]  The plaintiffs do not respond to the defendant's argument that the PMPA fails to authorize a cause of action for requiring a franchisee to release

---

[3] The plaintiffs also argue that the defendant's motion to dismiss is now moot because the plaintiffs have filed a second amended complaint with jurisdiction based upon diversity of citizenship.  The plaintiffs fail to recognize that Motiva's motion to dismiss was based upon both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Although the defendant's argument based upon lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is now moot, the defendant's argument that the plaintiffs have failed to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6) still requires adjudication.

The plaintiffs also argue that requiring franchisees to allege actual termination or non-renewal is inconsistent with the Declaratory Judgment Act, 28 U.S.C. § 2201.  The court has considered this argument, and concludes that it is without merit.

legal claims.

In reply, the defendant argues that requiring the plaintiffs to allege termination or non-renewal is consistent with both the statutory provisions of the PMPA and well-settled case law.

The Petroleum Marketing Practices Act ("PMPA") governs franchises and franchise agreements for the "sale, consignment, or distribution of motor fuel in commerce." 15 U.S.C. § 2802(a). Specifically, section 2802 states that no franchisor may "(1) terminate any franchise . . .; or (2) fail to renew any franchise relationship . . ." unless the franchisor does so upon statutorily enumerated grounds and meets the notice requirements. 15 U.S.C. § 2802(a); 15 U.S.C. § 2802(b)(permissible grounds for termination or non-renewal); 15 U.S.C. § 2804(notice requirements).

If a franchisor terminates a franchise or fails to renew a franchise relationship in accordance with the PMPA, the franchisee may maintain a civil action under the PMPA pursuant to section 2805(a)[4]. To maintain a civil action under section 2805(a), the franchisee bears the burden of proving, as a

---

[4] Section 2805(a), entitled "Maintenance of civil action by franchisee against franchisor; jurisdiction and venue; time for commencement of action" states that "[i]f a franchisor fails to comply with the requirements of section 2802 or 2803 of this title, the franchisee may maintain a civil action against such franchisor." 15 U.S.C. § 2805(a). Section 2803 addresses non-renewal of trial and interim franchises, and is irrelevant to this case.

6

threshold matter, "the termination of a franchise or the non-renewal of the franchise relationship." 15 U.S.C. § 2805(c);[5] Dersch Energies, Inc. v. Shell Oil Co., 314 F.3d 846, 856 (7th Cir. 2002); Ceraso v. Motiva Enterprises, LLC, 326 F.3d 303, 316 (2d Cir. 2003).

Section 2805(f)(1) of the PMPA prohibits franchisors from requiring a franchisee to release or waive state or federal rights as a condition of entering into or renewing the franchise relationship, but does not furnish a cause of action separate and apart from an action based upon actual termination or non-renewal.[6] 28 U.S.C. § 2805(f)(1). In this regard, in Dersch Energies, Inc. v. Shell Oil Co., a franchisee signed a franchisor's renewal agreement "under protest" and brought a civil action against the franchisor, claiming that the release-of-claims provision in the renewal agreement gave rise to an implied private cause of action against the franchisor under section 2805(f)(1) of the PMPA. 314 F.3d 846, 851, 852 (7th Cir.

---

[5] Section 2805(c) states that "[i]n any action under subsection (a) of this section, the franchisee shall have the burden of proving the termination of the franchise or the nonrenewal of the franchise relationship."

[6] Section 2805(f)(1) states that:
   (1) No franchisor shall require, as a condition of entering into or renewing the franchise relationship, a franchisee to release or waive – (A) any right that the franchisee has under this subchapter or other Federal law; or (B) any right that the franchisee may have under any valid and applicable State law.
15 U.S.C. § 2805(f)(1).

2002). The court considered both the plain meaning and the statutory context of section 2805(f)(1), and concluded that "the existence of an explicit cause of action in § 2805(a) and (b). . . . makes it highly unlikely that Congress absentmindedly forgot to provide a cause of action for § 2805(f)(1)." Dersch Energies, Inc. v. Shell Oil Co., 314 F.3d 846, 857 (7th Cir. 2002). Ultimately, the court stated that "a franchisee may only maintain a civil action under the PMPA for violations of § 2805(f)(1) if those violations constitute a nonrenewal of its franchise relationship." Id. at 857-58.

Here, the complaint fails to allege that the defendant actually terminated or failed to renew their franchise agreements with the plaintiffs. The plaintiffs claim only that the Renewal Agreements were presented on a "take-it-or-leave-it" basis and that they signed the agreements "under protest." By their own admission, the plaintiffs signed the Renewal Agreements and continue to operate under these Renewal Agreements as franchisees. The plaintiffs therefore cannot meet their burden of proving actual termination or non-renewal under the PMPA. See Abrams Shell v. Shell Oil Co., 343 F.3d 482, 486 (5th Cir. 2003) (concluding that plaintiff franchisees failed to show actual termination or non-renewal where they signed a new agreement and continued to operate as franchisees); Dersch Energies, Inc. v. Shell Oil Co., 314 F.3d 846, 849, 860 (7th Cir. 2002) (holding

8

that offer of a franchise renewal on a "take-it-or-leave-it" basis and acceptance "under protest" does not constitute non-renewal); Jet, Inc. v. Shell Oil Co., 381 F.3d 627, 630 (7th Cir. 2004) (concluding that the offer of a franchise renewal on a take-it-or-leave-it basis did not give rise to a claim for wrongful non-renewal under the PMPA). Accordingly, the plaintiffs have failed to state a cause of action under the PMPA.[7]

With respect to the plaintiffs' argument that requiring a release of state and federal claims is alone sufficient to give rise to a cause of action under the PMPA, as the Seventh Circuit Court of Appeals discussed in Dersch Energies, Inc. v. Shell Oil Co., 314 F.3d 846 (7th Cir. 2002), this argument is without merit.

## CONCLUSION

For the forgoing reasons, the motion to dismiss the plaintiffs' claims under the Petroleum Marketing Practices Act ("PMPA") in the plaintiffs' second amended complaint (document no. 52) is GRANTED for failure to state a cause of action under

---

[7] With respect to the plaintiffs' argument that requiring termination or non-renewal unfairly forces franchisees to risk their franchises in order to state a cause of action under the PMPA, this argument is without merit. The availability of a preliminary injunction under section 2805(b)(2) allows a franchisee to continue operating its franchise under the prior agreement while the court resolves the case on its merits. See 15 U.S.C. § 2805(b)(2); Dersch Energies, Inc. v. Shell Oil Co., 314 F.3d 846, 863 (7th Cir. 2002) (quoting Jet, Inc. v. Shell Oil Co., 2002 WL 31641627, (N.D. Ill. Nov. 22, 2002); Abrams Shell v. Shell Oil Co., 343 F.3d 482, 489 n.16 (5th Cir. 2003).

the PMPA.

It is so ordered this 30th day of March, 2006 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge