UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

HORACE BRUCE, ET AL.,
  Plaintiffs

2006 APR 27 P 3: 40

VS.                                   : Civil No. 3:00cv1831 (AVC)

MOTIVA ENTERPRISES, LLC
  Defendant.

### ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

This is an action for a declaratory judgment and injunctive relief brought with respect to the disputed provisions of a franchise agreement. The third amended complaint alleges violations of the Connecticut Franchise Act, Conn. Gen. Stat. §§ 42-133e et seq. and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a et seq.[1] The gravamen of the action is that the defendant-franchisor, Motiva Enterprises, LLC ("Motiva"), presented the plaintiffs with franchise agreements containing illegal terms.

### BACKGROUND

In 1999, Motiva and the plaintiffs entered into franchise agreements (the "1999 Agreements"). In 2002, Motiva presented the plaintiffs with revised franchise agreements (the "2002 Agreements"). According to the third amended complaint, the terms of the 1999 Agreements and the 2002 Agreements violate

---

[1] The third amended complaint also alleges violations of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 et seq., which have been dismissed pursuant to the Ruling on the Defendant's Motion to Dismiss the Second Amended Complaint, dated March 30, 2006.

Connecticut law. In the defendant's view, this claim is moot because one of the plaintiffs did not sign the 2002 Agreements, and the 2002 Agreements have since expired as to several other plaintiffs. The record is not clear as to which agreements, if any, remain in effect. Both the plaintiffs and the defendant have filed cross motions for summary judgment. The motions, however, must be denied.

Summary judgment is appropriate when the evidentiary record shows that there are no genuine issues of material fact ant that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under Connecticut law, "[w]hether and on what terms a contractual commitment has been undertaken are ultimately questions of fact . . ." Sandella v. Dick Corp., 729 A.2d 813, 818 (Conn. App. Ct. 1999). Having reviewed the parties' submissions, the court is unable to parse out which plaintiffs are currently bound by franchise agreements with the defendant and which terms apply. The court therefore concludes that, at this juncture, it is unable to make a determination on the respective claims for summary judgment.

## CONCLUSION

For the forgoing reasons, the cross motions for summary judgment (document nos. 74 and 93) are DENIED without prejudice to their refiling in a manner that cures the defects noted herein.

It is so ordered this 25TH day of April, 2006 at Hartford, Connecticut.

                                                                               Alfred V. Covello
                                                                               United States District Judge

Case 3:00-cv-01831-AVC    Document 118    Filed 04/27/2006    Page 3 of 3